Krsto Mijanovic (Bar No. 205060)
  *kmijanovic@hbblaw.com*
Frances P. Brower (Bar No. 265338)
  *fbrower@hbblaw.com*
Alyssa M. Abrante (Bar No. 328464)
  *aabrante@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
  *edocs@hbblaw.com*
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant BROAN-NUTONE, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY as subrogee of West County Health Centers, Inc, <br><br> Plaintiff, <br><br> v. <br><br> BROAN-NUTONE, LLC; VANGUARD CLEANING SYSTEMS, INC.; WINE COUNTRY VENTURES, INC. dba VANGUARD CLEANING SYSTEMS OF THE NORTH BAY; and DOES 1 through 25; inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL** <br><br> [28 U.S.C. Section 1441 - Diversity Jurisdiction] |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD HEREIN:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, Defendant BROAN-NUTONE, LLC ("Broan"), hereby gives notice of the removal of the action, *Great American Insurance Company as subrogee of West County Health Centers, Inc. vs. Broan-Nutone, LLC, et al.*, Case No. SCV-272304, which is currently pending in the Superior Court of California, County of Sonoma,

to this United States District Court for the Northern District of California, San Francisco/Oakland Division, on the basis of diversity of citizenship.

In support of such removal, Defendant states as follows:

1. On December 21, 2022, Plaintiff Great American Insurance Company as subrogee of West County Health Centers, Inc. ("Plaintiff") filed a Complaint in the Superior Court of California, County of Sonoma under Case No. SCV-272304 (the "State Court Action"). A true and correct copy of this Complaint is attached as **Exhibit A** to the Declaration of Alyssa M. Abrante filed concurrently herewith. (Declaration of Alyssa M. Abrante, ¶ 2.)

2. Broan first received the Complaint when it was served on March 10, 2023, however, it first received notice of the ability to remove the action upon receipt of Plaintiff's responses to written discovery. (Declaration of Alyssa M. Abrante, ¶ 3.)

3. Broan filed and served an Answer to the Complaint in the State Court Action on April 19, 2023, a true and correct copy of which is attached as **Exhibit B** to the Declaration of Alyssa M. Abrante filed concurrently herewith. (Declaration of Alyssa M. Abrante, ¶ 5.) A Notice of Filing of Answer in State Court Action is filed concurrently herewith.

4. On May 5, 2023, Broan was served with Plaintiff's Amendment to Complaint to Substitute True Name for DOE 1, which identified DOE 1 as Defendant Jenny Quiroz dba Affordable Building Maintenance ("Quiroz"). A true and correct copy of the Amendment to Complaint is attached as **Exhibit C** to the Declaration of Alyssa M. Abrante filed concurrently herewith. (Declaration of Alyssa M. Abrante, ¶ 6.)

5. On May 10, 2023, Defendants Wine Country Ventures, Inc. dba Vanguard Cleaning Systems of the North Bay ("Wine Country Ventures") and Jenny Quiroz dba Affordable Building Maintenance ("Quiroz") filed their Answer to the Complaint in the State Court Action. a true and correct copy of which is

attached as **Exhibit D** to the Declaration of Alyssa M. Abrante filed concurrently herewith. (Declaration of Alyssa M. Abrante, ¶ 7.)

6. On May 15, 2023, Broan was served with Plaintiff's Request for Dismissal of Defendant Vanguard Cleaning Systems, Inc., without prejudice. A true and correct copy of this Request for Dismissal is attached as **Exhibit E** to the Declaration of Alyssa M. Abrante filed concurrently herewith. (Declaration of Alyssa M. Abrante, ¶ 8.)

7. On June 13, 2023, Broan was served with Plaintiff's responses to set one of written discovery propounded by Broan. In its responses to set one of Form Interrogatories, Plaintiff indicated that it is an Ohio corporation with its principal place of business in Cincinnati, Ohio. A true and correct copy of Plaintiff's responses to Form Interrogatories, set one, is attached as **Exhibit F** to the Declaration of Alyssa M. Abrante filed concurrently herewith. (Declaration of Alyssa M. Abrante, ¶ 9.)

8. Plaintiff and all defendants filed their respective Case Management Statements and appeared for a Case Management Conference on May 30, 2023 in the State Court Action. At this conference, the state court set a jury trial for July 19, 2024 in the State Court Action. (Declaration of Alyssa M. Abrante, ¶ 10.)

9. On April 18, 2023, Plaintiff filed verified applications and documents in support of Brian T. Suth and Michael A. Leszczynski to appear as counsel pro hac vice in the State Court Action. These applications are set to be heard on August 9, 2023 in the State Court Action. (Declaration of Alyssa M. Abrante, ¶ 11.)

10. Pursuant to 28 U.S.C. section 1332, this Court has original jurisdiction over the Complaint. Specifically, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between … citizens of different States." (28 U.S.C. § 1332(a).)

/ / /

11.     In the present matter, complete diversity exists because Plaintiff and the named defendants, whose citizenships are properly considered, are citizens of different states.

12.     Upon information and belief, including the information provided in Plaintiff's responses to Form Interrogatories, Set One, at the time the State Court Action was filed and at the time this Notice of Removal is filed, Plaintiff was and is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Based on the foregoing, Plaintiff is a citizen of Ohio. (See Declaration of Alyssa M. Abrante, ¶¶ 2, 9.)

13.     At the time the State Court Action was filed and at the time this Notice of Removal is filed, Broan was and is a Delaware limited liability company with its principal place of business in Hartford, Wisconsin. (See *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) [holding that a limited liability company is a citizen of every state of which its owners/members are citizens.].) The sole member of the Broan is Nortek, Inc. with 100% ownership interest in Broan's business. Nortek, Inc. is a Delaware corporation. It is a holding company affiliated with the Nortek family of companies that operate from Missouri. Nortek is headquartered in Missouri, which is also home to Nortek's finances, payroll, and human resources operations, all of which are directed from its offices located in O'Fallon, Missouri. Additionally, Nortek's physical corporate assets are in Missouri. (See *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) [defining a corporation's principal place of business as the corporation's "nerve center" – the place "where the corporation's officers direct, control and coordinate the corporation's activities"].) Broan is comprised of no other members. Based on the foregoing, Broan is a citizen of Delaware and Missouri. (Declaration of Alyssa M. Abrante, ¶ 12.)

14.     Upon information and belief, including the averments in the Complaint and the information in the possession of the California Secretary of State, at the time

the State Court Action was filed and at the time this Notice of Removal is filed, Defendant Wine Country Ventures was and is a corporation established under the laws of the State of California with its principal place of business in California. Based on the foregoing, Wine Country Ventures is a citizen of California. (Declaration of Alyssa M. Abrante, ¶ 13.)

15. Upon information and belief, at the time the State Court Action was filed and at the time this Notice of Removal is filed, Quiroz was and is a citizen of California. (Declaration of Alyssa M. Abrante, ¶ 14.)

16. Plaintiff's Complaint names as Defendants Does 1 through 30. Broan is informed and believes, and on that basis alleges, that Does 2 through 30 have not been served with a copy of the Complaint or Summons. (See Declaration of Alyssa M. Abrante, ¶ 15.) Thus, these fictitiously named defendants are not parties to this action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. § 1441(b)(1).)

17. The amount in controversy in this matter exceeds the statutory threshold of $75,000, exclusive of interest and costs. (Declaration of Alyssa M. Abrante, ¶ 4.) The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. (*Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977).) Here, Plaintiff alleges that the amount in dispute exceeds the statutory threshold of $75,000 insofar as Plaintiff is demanding damages in excess of $308,438.49. (Declaration of Alyssa M. Abrante, ¶ 4.)

18. Therefore, because there is complete diversity between Plaintiff and all named Defendants, and the amount in controversy exceeds the jurisdictional threshold required pursuant to § 1332, diversity jurisdiction exists in this action.

19. This is a case of a wholly civil nature brough in California State Court. Pursuant to 28 U.S.C. § 1441(a), this civil action may be removed by Broan to this Court. Plaintiff filed the State Court Action in the Superior Court of California,

County of Sonoma, and therefore, the United States District Court for the Northern District of California, San Francisco/Oakland Courthouse is the appropriate venue for removal of the State Court Action as it is the "district and division embracing the place where such action is pending." (See 28 U.S.C. §§ 1441(a) and 1391(a).)

20. Based on the foregoing, this Court has original jurisdiction over the Complaint, and removal to this Court from the Superior Court of California, Sonoma County is proper pursuant to 28 U.S.C. sections 1332 and 1441, respectively.

21. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days after receiving a paper from which it can be ascertained that the case is removable.

22. Pursuant to 28 U.S.C. § 1446(d), Broan will promptly provide written notice of removal of this action to all adverse parties, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, Sonoma County.

23. Upon information and belief, all defendants who have been served and whose citizenship is properly considered, consent to removal of the State Court Action. Broan hereby files this Notice of Removal of the State Court Action. (Declaration of Alyssa M. Abrante, ¶ 16.)

WHEREFORE, Defendant Broan-NuTone, LLC respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. §§1332, 1441, and 1446.

DATED: July 13, 2023                HAIGHT BROWN & BONESTEEL LLP

                                    By:    /s/ Frances P. Brower
                                          Krsto Mijanovic
                                          Frances P. Brower
                                          Alyssa M. Abrante
                                          Attorneys for Defendant BROAN-NUTONE, LLC

## PROOF OF SERVICE

Great American Insurance Company as subrogee of West County Health Centers, Inc.

Case No. SCV-272304

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2030 Main Street, Suite 1525, Irvine, CA 92614.

On July 13, 2023, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Haight Brown & Bonesteel LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Irvine, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2023, at Irvine, California.

*Jacqueline Araujo*
Jacqueline Araujo

BM07-0000208

## SERVICE LIST

Great American Insurance Company as subrogee of West County Health Centers, Inc.

Case No. SCV-272304

| | |
|---|---|
| Maura W. Ochoa<br>Margaret L. Sell<br>GROTEFIELD HOFFMANN<br>700 Larkspur Landing Circle, Suite 280<br>Larkspur, CA 94939 | Tel.: 415.344.9670<br>Fax: 415.989.2802<br>Email: Msell@ghlaw-llp.com<br>          ASpanos@ghlaw-llp.com |
| Brian T. Suth<br>*(To be Admitted Pro Hac Vice)*<br>NIELSEN, ZEHE & ANTAS, PC<br>55 W Monroe, Suite 1800<br>Chicago, IL 60603 | Tel.:312.322.9900<br>Fax:  312.322.9977<br>Email:  bsuth@nzalaw.com<br>          ndycha@nzalaw.com<br>          mleszczynski@nzalaw.com |

*Attorneys for Plaintiff, Great American Insurance Company as subrogee of West County Health Centers, Inc.*

| | |
|---|---|
| Warren Klein<br>LAW OFFICES OF SANTANA, VIERRA, STEVENSON & HARRIS<br>P.O. Box 7218<br>London, KY 40742 | Tel.: 415.777.1308<br>Fax:  603.430.0513<br>Email: Warren.klein@libertymutual.com<br>          Tanya.Espinoza@LibertyMutual.com |

*Attorneys for Defendant Vanguard Cleaning Systems, Inc. and Wine Country Ventures, Inc. dba Vanguard Cleaning Systems of the North Bay*

Haight

BM07-0000208